MADISON FLETCHER, Appellant, *v.* REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 707. Submitted February 13, 1928.—Decided February 24, 1928.

*José Sabater* for the appellant. The registrar appeared by brief.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Paragraph (*a*) of section 1 of an Act entitled "An Act Regulating the Procedure for the Cancellation in the Registry of Property of Liens and Entries of Chattels Real, and for the Extinction of certain Records and Annotations on account of Lapse of Time," approved August 29, 1923, as amended in 1924, Laws of that year, 108, reads as follows:

"(*a*) Mentions of mortgages or of deferred payments of the price of purchase and sale of real property, whether recorded in the old or new books of the registry, where more than twenty years have elapsed since the respective mention was made and when the interested party has not requested the entry of the mentioned right within the term of one year from August 29, 1923, or has not brought suit to claim his right and entered such suit in the registry. Mentions of annuities (*censos*) shall not be cancelled in the old or new books of the registry when the interested party requests a transfer of the entry or mention of the right mentioned to the modern books of the registry within a term of two years counting from the day on which this Act takes effect, or within said term brings suit claiming his right and enters said suit in the registry; *Provided, further,* That on written request of a party or his representative, authenticated before a notary, said registrars of property shall also cancel in the respective registers such other mentions of rights for the payment of money as do not refer to the deferred payment of the purchase and sale of real property, provided no term is fixed or no indication is made in the title causing the mention that a lien is constituted on said real property, if over five years have elapsed."

Section 1 of the Law of 1923 authorizes, among other things, the cancellation upon the records of the matters enumerated in paragraph (*a*) "on written application of a party or of the representative of such party, authenticated before a notary."

In the instant case a registrar of property refused to cancel the mention of a certain deferred payment or instalment of purchase price because it appeared from the registry of property that the payment in question was to be made within a period of ten years from December first, 1906, the date of the deed, and because twenty years have not elapsed since the date of the entry in question which was made on December 31, 1909.

The application for cancellation was made in the usual form of a request in writing subscribed before a notary and the deed of December, 1906, was not before the registrar.

The law of 1923, as amended in 1924 and, so far as pertinent to any question herein, authorizes the cancellation upon the record, first, of references to deferred payments of the purchase price where more than twenty years have elapsed since the date of the entry in question, and, second, of "such other mentions of rights for the payment of money as do not refer to the deferred payment of the purchase and sale of real property, provided no term is fixed or no indication is made in the title causing the mention that a lien is constituted on said real property, if over five years have elapsed."

If the right of the vendor under the terms of the deed executed in December, 1906, amounted to a vendor's lien upon the property conveyed to secure the unpaid balance of the purchase price, then the ruling of the registrar was unquestionably correct.

If, as appellant contends, the right of the said vendor was purely personal, then the mention thereof in the registry of property is manifestly excluded from the class of references

specified in the final proviso of paragraph (*a*) as amended, because it does refer to deferred payments. The language of the Legislature in limiting the authority conferred by the final proviso last mentioned to the cancellation of "such other mentions of rights for the payment of money as do not refer to the deferred payment of the purchase and sale of real property" is too plain for construction. The omission, whether inadvertent or otherwise, of the mention of purely personal rights in regard to deferred payments when such payments are a part of the purchase price of real estate recorded in the registry of property, can not be supplied by judicial legislation.

The ruling appealed from must be affirmed.